**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 23-cv-23497-BLOOM/Torres**

JANE DOE

    Plaintiff,

        vs.

MIAMI GARDENS SQUARE ONE, INC.,
Individually and d/b/a TOOTSIE'S
CABARET MIAMI,

    Defendant.

_____/

## ORDER ON PARTIES' MOTIONS *IN LIMINE*

**THIS CAUSE** is before the Court upon the Parties' Joint Summary of the Parties' Motions *in Limine*, ECF No. [85]. The Court has reviewed the Motions, the supporting and opposing submissions, the record in the case, and is otherwise fully advised. For the reasons that follow, the Parties' Motions *in Limine* are granted in part and denied in part.

## I.    BACKGROUND

Plaintiff Jane Doe initiated this action against her former alleged employer, Miami Gardens Square One, Inc. ("Defendant") on September 12, 2023. ECF No. [1]. Plaintiff thereafter filed the operative Complaint on December 21, 2023 alleging the following claims against Defendant: Gender Discrimination-Hostile Work Environment under Title VII, 42 U.S.C. § 2000e-2(a) (Count I); Retaliation under Title VII, 42 U.S.C. § 2000e-3(a) (Count II); Gender Discrimination-Hostile Work Environment under the Florida Civil Rights Act ("FCRA") § 760.10(1)(a) (Count III); Retaliatory Hostile Work Environment under FCRA § 760.10(7) (Count IV); Retaliation under

FCRA § 760.10(7) (Count V); Gender Discrimination-Hostile Work Environment under Miami Dade County Code of Ordinances ("MDCO"), Chapter 11A, Article IV, Section 26(1) (Count VI); Retaliatory Hostile Work Environment under MDCO, Chapter 11A, Article IV, Section 26(4) (Count VII); Retaliation under MDCO, Chapter 11A, Article IV, Section 26(4) (Count VIII); Sex Trafficking by Force and/or Coercion under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1591 (Count IX); Participating in a Venture under the TVPRA, 18 U.S.C. § 1591 (Count X); Negligence (Count XI); Negligent Training (Count XII); Intentional Infliction of Emotional Distress (Count XIII); Negligent Infliction of Emotional Distress (Count XIV); and Vicarious Liability for Sexual Assault and Battery (Count XV). *See generally* ECF No. [13]. Defendant sought summary judgment on Count I, Count II, Count III, Count VI, Count IX, Count X, Count XI, Count XII, and Count XIII. *See generally* ECF No. [45].

On January 13, 2025, the Court granted summary judgment in favor of Defendant as to: Count II (Retaliation under Title VII); Count IV (Retaliatory Hostile Work environment under FCRA; Count V (Retaliation under FCRA); Work Count VIII (Retaliation under MDCO); Count VII (Retaliatory Hostile Work environment under MDCO); Count IX (Sex Trafficking by Force and/or Coercion under the Trafficking Victims Protection Reauthorization Act ("TVPRA"); Count X (Participating in a Venture under the TVPRA); Negligent Training (Count XII); and Intentional Infliction of Emotional Distress (Count XIII). ECF No. [82] at 62-63. Accordingly, the following Counts will proceed to trial: Gender Discrimination-Hostile Work Environment under Title VII (Count I); Gender Discrimination-Hostile Work Environment under the Florida Civil Rights Act ("FCRA") (Count III); Gender Discrimination-Hostile Work Environment under Miami-Dade County Code of Ordinances ("MDCO") (Count VI); Negligence (Count XI); Negligent Infliction

of Emotional Distress (Count XIV); and Vicarious Liability for Sexual Assault and Battery (Count XV). *Id.* at 63.

The Parties are scheduled to begin trial on January 27, 2024. ECF No. [57]. In anticipation of the upcoming trial, the Parties have submitted their Joint Summary of Motions *in Limine*. ECF No. [85].

## II.   LEGAL STANDARD

### A.  Motions *in Limine*

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id*. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig*., Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions *in limine*, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-CV-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co*., No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *see In re Seroquel.*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*.") (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989)).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"); *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011)); *see United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect[.]" *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001) (quoting *United States v. Cross*, 928 F.2d 1030, 1048 (11th Cir. 1991)).

## III.   DISCUSSION

### A.  Plaintiff's Motions *in Limine*

Plaintiff moves to exclude the following eight categories of evidence at trial:

> **i. Exclude Any Evidence, Argument, or Testimony Regarding Any Findings, Determinations, or Conclusions Made by the Equal Employment Opportunity Commission**

Plaintiff first requests that the Court exclude any evidence, argument or testimony regarding "any findings, determinations or conclusions made by the Equal Employment Opportunity Commission ('"EEOC"'), including but not limited to those contained in the Right to Sue. ECF No. [85]. Plaintiff argues that given the significant danger that admission of the EEOC

4

report will unfairly prejudice the minds of the jury, the Court should exercise its discretion and exclude any findings or conclusions by the EEOC.

Defendant opposes Plaintiff's motion, arguing that Plaintiff has opened the door by seeking to introduce her EEOC Complaint. Therefore, "[u]nder the rule of optional completeness, [Defendant is] entitled to disclose[] the EEOC's determination as a result." *Id.* (citing Fed. R. Evid. 106).

While "an EEOC determination is ordinarily admissible[,]" courts in this district have noted that such reports are not "homogenous products," and therefore, can "vary greatly in quality and factual detail." *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1288 (11th Cir. 2008); *Lee v. Executive Airlines, Inc.*, 31 F. Supp. 2d 1355, 1357 (S.D. Fla. 1998) (citations and quotations omitted). Accordingly, when it comes to the admissibility of an EEOC determination, trial courts are to use their sound discretion and review the report on an individualized case-by-case basis. *See Goldsmith*, 513 F.3d at 1288; *Blanton v. University of Florida ex rel. Bd. Of Trustees of University of Florida*, 273 F. App'x 797, 804 (11th Cir. 2008); *Lathem v. Dep't of Children and Youth Servs.*, 172 F.3d 786, 791 (11th Cir. 1999) ("[T]he district court must make the admissibility determination on an individual basis, considering the evidence's probative value and the danger of unfair prejudice.").[1]

The Court notes that the parties agreed to include the Plaintiff's EEOC Charge in the Joint Trial Exhibit List. ECF No. [83-1] at 2. Without the benefit of having received the contents

---

[1] "We have held that a district court does not abuse its discretion in admitting an EEOC determination that concerns the same discrimination claim as that before the jury, where sufficient evidence was adduced at trial to place the determination in its proper context, and the district court instructed the jury as to the appropriate use of the determination by explaining that it is not an adjudication of rights and liabilities." *Blanton*, 273 F. App'x at 804 (citing *Goldsmith*, 513 F.3d at 1288, 1289).

of Plaintiff's 14-page EEOC Charge, the Court is unable to determine the admissibility of the EEOC's findings, determinations, or conclusions. Therefore, the Court reserves judgment on Plaintiff's Motion.

### ii. Exclude Any Statements, Comments, Evidence, or Testimony Regarding Income or Financial Status

Plaintiff seeks to exclude any statements, evidence, or testimony related to Plaintiff's wages, earnings, salary, other income, or any information related to her financial status. Plaintiff does not offer a particular basis for exclusion but instead cites to the Florida Rules of Evidence and several state court cases in which they discuss the general prohibition against referencing a party's wealth or poverty during a trial. *See* ECF No. [85] at 3. Defendant objects to the motion as Defendant believes these issues are highly relevant to the question "of whether Plaintiff is an employee or an independent contractor." *Id.*

The Court agrees with Defendant that evidence involving Plaintiff's sources of income and financial status are highly relevant to the issue of whether Plaintiff was an employee or an independent contractor. As the Court noted in its Order on Summary Judgment, one of the many factors to determine whether an individual is an employee is the method of payment. *See* ECF No. [82] at 21 (citing *Cobb v. Sun Papers, Inc.*, 673 F.2d 337, 340 (11th Cir. 1982). Moreover, Plaintiff's arguments for exclusion carry little, if any, persuasive value. Plaintiff relies on Florida's Rules of Evidence rules notwithstanding that she is proceeding in federal court. As such, the Florida Rules of Evidence do not dictate the admissibility of evidence in this case. Accordingly, Plaintiff's second Motion is denied.

### iii. Exclude Any Witness, Documents, or Other Evidence Not Previously Disclosed as Required Under Rule 26(a) or the Court's Standing Discovery Order

Plaintiff seeks to exclude any evidence that was not previously disclosed pursuant to Rule 26(a) and the Court's discovery Order. ECF No. [85] at 4. However, Plaintiff fails to point to any specific evidence that she seeks to exclude. *See id.* As courts have previously stated:

> Motions in limine that are broad, vague, and include speculative categories of evidence and argument of which the Court cannot predetermine the admissibility are due to be denied, as the real purpose of a motion in limine is to avoid the introduction of evidence at trial that is clearly inadmissible on all potential grounds and could irretrievably impact the fairness of the trial.

*Sec. & Exch. Comm'n v. MintBroker Int'l, Ltd.*, No. 21-CV-21079, 2024 WL 2292470, at *20 (S.D. Fla. May 21, 2024) (quoting *Robbins v. Robertson*, No. 7:15-CV-00124 (WLS), 2022 WL 2987890, at *5 (M.D. Ga. July 28, 2022) and citing *Perez v. Fla. POP, LLC*, No. 20-14214-CV, 2022 WL 18023487, at *2 (S.D. Fla. Jan. 28, 2022) (denying motions in limine for being "too vague, overbroad, or confusing for purposes of making a definitive informed pretrial ruling")). Because Plaintiff does not offer any insight as to what specific evidence is or is not covered in its motion, this issue is better addressed once such evidence is presented at trial. *See Whidden v. Roberts*, 334 F.R.D. 321, 323 (N.D. Fla. 2020) ("When confronted with a broad motion in limine, [ ] the 'better practice is to deal with questions of admissibility of evidence as they arise' during the trial.") (quoting *Sperberg v. The Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)). Accordingly, Plaintiff's third Motion is denied.

### iv. Preclude Any Statements or Comments of The Defense Attorneys' Personal Beliefs Concerning Evidence

Plaintiff seeks to exclude any statements or comments regarding "the defense attorneys' personal beliefs concerning the evidence, including a witness's credibility or his/her knowledge of

the evidence." ECF No. [85] at 5. Defendant has no objection to the Motion. Accordingly, Plaintiff's fourth Motion is granted.

### v. Preclude Any Statement About Plaintiff Asking for More Money Than She Expects to Receive or that Plaintiff is Overly Focused on Money

Plaintiff also seeks to preclude Defendant from suggesting at trial (1) that Plaintiff is going to ask for more money than she realistically expects to recover or (2) that Plaintiff is overly concerned with how much money she will receive in this case. ECF No. [85] at 6. Defendant does not object and Plaintiff's Motion is granted.

### vi. Preclude Inappropriate Appeal to the Jury's Sympathies

Plaintiff requests that the Court preclude any argument that suggests that "money won't undo the injury and damage the Plaintiff may have sustained." ECF No. [85] at 6. Defendant does not object and Plaintiff's Motion is granted.

### vii. Exclude Any Evidence, Argument, or Testimony Regarding Plaintiff's Sexual Behavior or Sexual Predisposition or Prior or Continued Work as an Entertainer or Exotic Dancer

Plaintiff seeks to exclude evidence "regarding Plaintiff's sexual behavior or sexual predisposition, or Plaintiff's prior/continued work as an 'Entertainer' or 'Exotic Dancer.'" ECF No. [85] at 8.  Plaintiff argues that "an accused does not have a constitutional right to present irrelevant evidence, and reputation and opinion concerning a victim's sexual behavior are not relevant indicators of the likelihood of her consent to a specific sexual act or of her veracity." *Id.* Defendant opposes the Motion as it believes such evidence would be "highly relevant to the employee v. independent contractor question, the constructive notice question[,] and the foreseeability question." *Id.* (citing Fed. R. Evid. 401-402).

Since the purpose of the evidence regarding Plaintiff's sexual behavior or disposition is potentially different in nature than the evidence of her work as an exotic dancer, the Court analyzes the admissibility of these categories of evidence separately.

Federal Rule of Evidence 412 provides that, in a civil case, the court may admit evidence offered to prove a victim's sexual behavior or sexual predisposition "if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." Fed. R. Evid. 412(b)(2). Additionally, "[t]he court may admit evidence of a victim's reputation only if the victim has placed it in controversy." *Id.* Rule 412(c) describes the procedure a party must follow if it intends to offer evidence to prove the Plaintiff's sexual behavior or sexual predisposition. Unless the court finds there is good cause for setting a different deadline, the party seeking to offer such evidence must file a motion specifically describing the evidence and stating the purpose for which it is to be offered at least 14 days before trial. Fed. R. Evid. 412(c). Since trial is scheduled to commence on January 27, 2025, the deadline to file such a motion was January 13, 2025. Absent a showing of good cause for the failure to meet the January 13th deadline, the Court grants the motion as to evidence offered to prove Plaintiff's sexual behavior or sexual predisposition.

Because Plaintiff's prior and/or continued work as an "Entertainer" or "Exotic Dancer" will not necessarily be offered to prove Plaintiff's sexual behavior or sexual predisposition, this category of evidence does not automatically fall under Rule 412(b)(2). To the extent that Plaintiff's prior and/or continued work as an "Entertainer" or "Exotic Dancer" is offered for other purposes, such as to prove damages, the Court reserves judgment on the Motion and the evidence shall be presented, outside the presence of the jury, for the Court to assess its admissibility.

### viii. Preclude Any Evidence, Argument, or Testimony Regarding Any Dismissed Claims

Plaintiff seeks to preclude any evidence or testimony that involves Plaintiff's claims that were dismissed prior to trial. As there is no objection, Plaintiff's Motion is granted.

### B. Defendant's Motions *in Limine*

Defendant moves to exclude the following nine categories of evidence at trial:

### i. Exclude Any Evidence, Argument, or Testimony Suggesting that Defendant's Decision to Classify Plaintiff as an Independent Contractor was to Avoid Paying Taxes

Defendant first seeks to preclude any evidence or testimony that would suggest that the purpose of classifying Plaintiff as an independent contractor was to avoid "paying any form of employment taxes" because such an argument would merely serve to inflame or prejudice the jury against Defendant. ECF No. [85] at 10. Plaintiff has no objection and Defendant's Motion is granted.

### ii. Exclude Evidence or Testimony of Other Entertainers Who Experienced Sexual Assault or Harassment.

Defendant seeks to exclude evidence of other entertainers or individuals who allegedly experienced sexual harassment or assault on the basis that these acts "were not or could not be known to Plaintiff or are otherwise irrelevant to Plaintiff's claims." ECF No. [85] at 11. Defendant argues that such evidence would be "unfairly prejudicial." *Id.* The Court takes each of these arguments in turn.

First, the fact that these alleged acts were not known to Plaintiff does not inherently preclude the acts from being introduced as evidence. For example, regarding Plaintiff's negligence claim, evidence that other entertainers employed by Defendant who experienced workplace sexual harassment would be relevant to prove that Defendant had knowledge of various threats to the

safety of its employees. Therefore, it may have been reasonably foreseeable that a performer would be sexually assaulted on Defendant's premises. Consequently, it would be immaterial if Plaintiff did not have knowledge of these acts before she was assaulted.

Second, Defendant has not demonstrated that evidence of other entertainers or individuals who allegedly experienced sexual harassment or assault would be unfairly prejudicial. Given that such evidence may be relevant to foreseeability and whether Defendant exercised reasonable care under the circumstances, the Court would only exclude such relevant evidence if "its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. Defendant has not pointed to any specific evidence which would cause unfair prejudice, nor has Defendant explained how such evidence would be unfairly prejudicial. Since Defendant's Motion is both vague and overbroad, it is denied. *Sec. & Exch. Comm'n*, 2024 WL 2292470, at *20.

> ### iii. Preclude Evidence or Testimony Regarding Sexual Harassment or Sexual Assault Plaintiff Suffered That is Not a Part of the Operative Complaint or Not Previously Disclosed

Defendant asks that any evidence, argument, or testimony that concerns sexual harassment or sexual assaults that Plaintiff suffered that she has not pleaded in the operative Complaint or otherwise previously disclosed be excluded as such testimony would be "irrelevant and unfairly prejudicial." ECF No. [85] at 12.

Plaintiff opposes the Motion and argues that any testimony of previously undisclosed harassment or sexual assaults should be admissible as they are relevant to Plaintiff's claim that "Defendant's actions were part of a 'pattern and practice of discrimination.'" *Id.* (quoting ECF No. [13] at ¶ 72). Plaintiff claims that the allegations in the operative Complaint were merely examples of the harassment she suffered and did not constitute an exhaustive list of such instances she suffered while working for Defendant. *Id.* Furthermore, Plaintiff argues that the Motion should be

denied as it is unduly speculative, and therefore, does not meet the high standard for a court to make an evidentiary ruling prior to trial. *See id.*

The Court agrees that Plaintiff may not testify to any alleged sexual harassment or assaults not contained in the operative Complaint. "[T]he days of trial by ambush have passed." *Wammock v. Celotex Corp.*, 793 F.2d 1518, 1527 (11th Cir. 1986). Therefore, to the extent Plaintiff has not included such instances of harassment or assault in the operative Complaint or otherwise previously disclosed the additional harassment or assault through discovery, Defendant's Motion is granted.

### iv. Exclude Any Evidence, Argument, or Testimony Comparing the Operation of Any Other Adult Entertainment Clubs to Tootsie's.

Defendant seeks to prevent any evidence or testimony that would compare Tootsie's operations to the operations of other adult entertainment clubs. Defendant contends such evidence would not be probative of any issue in this case and would also be unfairly prejudicial. Plaintiff does not object and Defendant's Motion is granted.

### v. Preclude Any Category of Damages Not Previously Computed or Disclosed

Defendant requests that any "damages not previously computed or disclosed as required by Fed. R. Civ. P. 26(a)(1)(A)(iii)" be excluded. Plaintiff does not object and Defendant's Motion is granted.

### vi. Preclude Any Evidence, Argument, Testimony Regarding Court Rulings that Have Classified Exotic Dancers as Independent Contractors or Employees under the FLSA

Defendant seeks to preclude any evidence, argument, or testimony that concerns a judicial decision, opinion or ruling on whether exotic dancers at other establishments have been "deemed

independent contractors or 'employees' under the FLSA." ECF No. [85] at 15. Plaintiff does not object and Defendant's Motion is granted.

### vii. Exclude Any Lay Opinion

Defendant seeks to preclude all lay opinion in this case, including "opinions offered by representatives of Plaintiff." ECF No. [85] at 16. According to Defendant, any lay opinion would be "immaterial, irrelevant, and impermissible character evidence. *Id.* (citing Fed. R. Evid. 401-402). Moreover, Defendant contends that such evidence would also likely confuse the jury and unfairly prejudice Defendant's case." *Id.* (citing Fed. R. Evid. 403).

Plaintiff responds that Defendant has failed to provide any specific instances or evidence it wishes to preclude. Since "a district court may deny a motion in limine when it 'lacks the necessary specificity with respect to the evidence to be excluded,'" Plaintiff argues the Court should "refuse to categorically exclude the testimony of potential witnesses." *Id.* (quoting *Bowden ex rel. Bowden*, No. CIV. A. 99–D–880, 2001 WL 617521, at *1 (M.D. Ala. Feb. 20, 2001) (additional level of citations omitted)).

As a preliminary matter, the Federal Rules of Evidence do not impose a general prohibition against lay opinion testimony. *See* Fed. R. Evid. 701 (providing that a lay witness may provide "testimony in the form of an opinion" so long as the testimony is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."). Accordingly, Defendant must provide a reason why any specific lay opinion Plaintiff intends to introduce is impermissible. *See RJ's Int'l Trading, LLC v. Crown Castle South LLC*, Case No. 20-25162, 2021 WL 6135137, at *2 (S.D. Fla. Dec. 2, 2021) ([T]he Court cannot impose a blanket exclusion of lay and expert testimony without the objector identifying the specific

13

testimony sought to be limited.") Because Defendant points to no evidence, but rather claims in a conclusory fashion that such testimony would be "immaterial, irrelevant, and impermissible character evidence," and pose a risk of "confus[ing] the jury and unfairly prejudice[ing] Defendant's case," Defendant's motion is too vague and overbroad to be granted. *Mowbray v. Carnival Corp.*, No. 08-20931-Civ, 2009 WL 10667070, at *2 (S.D. Fla. Apr. 13, 2009) ("The court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded.") (citation and quotation marks omitted). Consequently, Defendant's Motion is denied.

### viii. Preclude Argument or Reference to the Jury Regarding the "Golden Rule"

Defendant next seeks to prohibit any argument to the jury that asks them "to apply the 'Golden Rule' by asking the jury to put themselves in the shoes of the Plaintiff or similar argument." ECF No. [85] at 17. Defendant maintains that any such argument would be irrelevant, would improperly inflame the jury, and ultimately confuse the jury. *Id.* Furthermore, Defendant asserts that the Eleventh Circuit has found that "such arguments will ordinarily result in reversal." *Id.* (citing *Ermini v. Scott*, 937 F.3d 1329, 1340 (11th Cir. 2019)).

Plaintiff opposes the Motion and similarly relies on the *Ermini* decision. Plaintiff argues that so long as the Golden Rule argument is connected to a "factor genuinely at issue in the case," such arguments are permissible. *Id.* (citing *Ermini*, at 1341). Accordingly, Plaintiff contends that because the jury must place itself in her shoes in order to determine whether the alleged conduct constitute harassment, "Golden Rule" arguments are permissible. *See id.*

The Court agrees that Golden Rule arguments may be permissible in this case. "A 'Golden Rule' argument invites jurors to 'put themselves in the shoes of the plaintiff and do unto him as they would have him do unto them under similar circumstances.'" *Ermini*, 937 at 1340 (quoting

14

*Ivy v. Sec. Barge Lines, Inc.*, 585 F.2d 732, 741 (5th Cir. 1978)). Generally, the Eleventh Circuit has found that "Golden Rule" arguments are inappropriate "when a lawyer ask jurors to place themselves in the plaintiff's position with respect to the calculation of *damages*." *Id.* (emphasis added). However, the Court has found such argument permissible "in the liability context." *Id.* Accordingly, where the reasonableness of a party's actions is squarely before a jury, a "Golden Rule" argument is appropriate.

Reasonableness will play a key role in this case. As Plaintiff correctly points out, to determine whether Defendant is liable for harassment, the jury will necessarily have to decide whether a reasonable person in Plaintiff's position would find the environment objectively hostile. *See Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 809 (11th Cir. 2010) ("Moreover, the plaintiff must prove that the environment was both subjectively and objectively hostile. . .. '[T]he objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering 'all the circumstances.'") (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998) (additional level of citation and quotation omitted)). Therefore, since the jury will necessarily need to put themselves into Plaintiff's shoes to determine liability, a "Golden Rule" argument may be appropriate under the circumstances. Accordingly, Defendant's Motion is denied.

### ix. Preclude Counsel from Eliciting Opinions from Experts That are Not Contained in the Expert's Rule 26 Report, or That Rely on Facts or Data Not Disclosed or Identified in the Expert's Rule 26 Report

Defendant seeks to preclude any expert opinion testimony that was not in the expert's Rule 26 Report or that requires the expert to rely on facts or data the expert did not disclose in the Rule 26 Report. ECF No. [85] at 18. Plaintiff argues the Court should refuse to categorically bar certain portions of any expert witness's potential testimony where Defendant has failed to provide any

clarity as to the potential nature of that testimony. Given the lack of clarity, Plaintiff contends the decision on the admissibility of such testimony is better determined "if and when presented at trial." *Id.*

Once again, Defendant has failed to point to any specific testimony it seeks to preclude. As such, the Court denies Defendant's Motion as too vague and overly broad. *See RJ's Int'l Trading, LLC*, 2021 WL 6135137, at *2.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Parties' Motions *in Limine*, **ECF No. [85],** are **GRANTED IN PART** and **DENIED IN PART**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 20, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record