UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-23497-BLOOM/Torres

JANE DOE,

    Plaintiff,

v.

MIAMI GARDENS SQUARE ONE, INC.,
*individually and d/b/a* TOOTSIE'S
CABARET MIAMI,

    Defendant.

_____/

# COURT'S INSTRUCTIONS TO THE JURY

**Members of the jury:**

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

### The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its

employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

### Consideration of Direct and Circumstantial Evidence; Argument of Counsel

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

### Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## Expert Witness

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

## Stipulations

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case:

a) Plaintiff performed at the Club for ten days between May 21, 2022 to June 20, 2022.
b) Plaintiff signed an Entertainer License Agreement ("ELA") to perform at the Club.
c) All expenses related to clothing, makeup, and hair were borne by the entertainers themselves, including Plaintiff.
d) Entertainers, although not required, may tip any Club employees, which is an industry custom.
e) The Club prohibits prostitution at any level, including, but not limited to, assignation, solicitation, and pandering of prostitution.
f) There are several signs throughout the Club stating there is zero tolerance for any criminal activity, including illegal drug related activity, prostitution, and acts of violence.
g) If Plaintiff and Mr. Lopez had any verbal conversations, there would be only two conversations.
h) Mr. Lopez has zero oversight or management authority over entertainers. Plaintiff was never provided a copy of the employee policy handbook/manual.
i) Plaintiff performed the day following the June 15, 2022 incident and checked in to perform at the Club at 9:49 p.m.
j) On June 20, 2022, Plaintiff approached the patron who allegedly assaulted her earlier that evening and began speaking Spanish to him.
k) Defendant has no record of an incident report relating to Plaintiff.

**Responsibility for Proof – Plaintiff's Claims– Preponderance of the Evidence**

Plaintiff has brought claims under Title VII, Gender Discrimination based on Hostile Work Environment and Negligence. In this case it is the responsibility of the Jane Doe to prove every essential part of her claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Jane Doe's claim is more likely true than not true. If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Jane Doe.

When more than one claim is involved, you should consider each claim separately. In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Jane Doe's claims by a preponderance of the evidence, you should find for the Tootsie's as to that claim.

**Responsibility for Proof – Affirmative Defense Preponderance of the Evidence**

In this case, Tootsie's asserts the affirmative defenses that Plaintiff was an independent contractor and not an employee, and that it exercised reasonable care to prevent and correct promptly any harassing behavior, and Jane Doe unreasonably failed to take advantage of any preventive or corrective opportunities provided by Tootsie's or to avoid harm.

Even if the Jane Doe proves her claims by a preponderance of the evidence, Tootsie's can prevail in this case if it proves an affirmative defense by a preponderance of the evidence. When more than one affirmative defense is involved, you should consider each one separately.

I caution you that the Tootsie's does not have to disprove Jane Doe's claims, but if the Tootsie's raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

### Preliminary Issue – Employee or Independent Contractor

As a preliminary matter, Jane Doe claims that Tootsie's is her employer. Jane Doe must prove by a preponderance of the evidence that she was an employee of Tootsie's. Tootsie's denies Jane Doe was its employee and asserts she was performing at the establishment as an independent contractor.

It is not always clear whether the law considers someone an "employee," and it is not always clear who the law considers someone's "employer." Some people, for example, perform services for others while remaining self-employed as independent contractors.

In this case, you must decide: Was Jane Doe an employee of Tootsie's or was Jane Doe an independent contractor? There are a number of factors you must consider, but the "most important" factor is the "extent of the employer's right to control the 'means and manner' of the worker's performance."

The following are the factors you must consider based on all the evidence in the case:

1. the kind of occupation, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision;
2. the skill required in the particular occupation;
3. whether the "employer" or the individual in question furnishes the equipment used and the place of work;
4. the length of time during which the individual has worked;
5. the method of payment, whether by time or by the job;
6. the manner in which the work relationship is terminated; i.e., by one or both parties, with or without notice and explanation;
7. whether annual leave is afforded;
8. whether the work is an integral part of the business of the "employer";
9. whether the worker accumulates retirement benefits;

10. whether the "employer" pays social security taxes; and
11. the intention of the parties.

### Title VII – Gender Discrimination – Hostile Work Environment

Jane Doe claims that Tootsie's violated federal law that prohibits employers from discriminating against employees in the terms or conditions of employment because of their sex. These statutes prohibit the creation of a hostile work environment caused by harassment because of an employee's sex.

Specifically, Jane Doe claims that Tootsie's patrons harassed her because of her sex, that the harassment created a hostile work environment for her, and that Tootsie's knew, or in the exercise of reasonable care should have known about, the harassment, but did not take prompt remedial action.

To succeed on her claim against Tootsie's, Jane Doe must prove each of the following facts by a preponderance of the evidence:

First: Tootsie's patron harassed Jane Doe because of her sex;

Second: The harassment created a hostile work environment for Jane Doe;

Third: Jane Doe's supervisor knew, or in the exercise of reasonable care should have known, about the hostile work environment;

Fourth: Jane Doe's supervisor failed to take prompt remedial action to eliminate the hostile work environment; and

Fifth: Jane Doe suffered damages because of the hostile work environment

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

A "hostile work environment" created by harassment because of sex exists if:

7

(a) Jane Doe was subjected to offensive acts or statements about sex – even if they were not specifically directed at her;

(b) Jane Doe did not welcome the offensive acts or statements, which means that Jane Doe did not directly or indirectly invite or solicit them by her own acts or statements;

(c) the offensive acts or statements were so severe or pervasive that they materially altered the terms or conditions of Jane Doe's employment;

(d) a reasonable person – not someone who is overly sensitive – would have found that the offensive acts or statements materially altered the terms or conditions of the person's employment; and

(e) Jane Doe believed that the offensive acts or statements materially altered the terms or conditions of her employment.

To determine whether the conduct in this case was "so severe or pervasive" that it materially altered the terms or conditions of Jane Doe's employment, you should consider all the circumstances, including:

(a) how often the discriminatory conduct occurred;

(b) its severity;

(c) whether it was physically or psychologically threatening or humiliating; and

(d) whether it unreasonably interfered with Jane Doe's work performance.

A "material alteration" is a significant change in conditions. Conduct that amounts only to ordinary socializing in the workplace does not create a hostile work environment. A hostile work environment will not result from occasional horseplay, sexual flirtation, offhand comments, simple teasing, sporadic use of offensive language, or occasional jokes related to sex. But discriminatory intimidation, ridicule, insults, or other verbal or physical conduct may be so extreme that it materially alters the terms or conditions of employment.

In this case, Jane Doe claims that Tootsie's patrons created and carried on the hostile work environment.

You can hold Tootsie's responsible for the hostile work environment only if Jane Doe proves by a preponderance of the evidence that Jane Doe's supervisor, or a person with the authority to receive, address, or report a complaint of harassment, knew, or should have known, of the hostile work environment and permitted it to continue by failing to take remedial action.

To show that a supervisor, or a person with the authority to receive, address, or report a complaint of harassment, "should have known" of a hostile work environment, Jane Doe must prove that the hostile environment was so pervasive and so open and obvious that any reasonable person in the supervisor's position, or in the position of a person with the authority to receive, address, or report a complaint of harassment, would have known that the harassment was occurring.

### Negligence

Jane Doe claims Tootsie's was negligent by failing to prevent Plaintiff from being sexually assaulted on two separate occasions. You must decide whether Tootsie's was negligent in controlling working conditions and, if so, whether that negligence was a legal cause of the loss, injury or damage to Jane Doe.

**Legal Cause**

    a. Legal cause generally:

Negligence is a legal cause of loss, injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage, so that it can reasonably be said that, but for the negligence, the loss, injury or damage would not have occurred.

    b. Concurring cause:

In order to be regarded as a legal cause of loss, injury or damage, negligence need not be the only cause. Negligence may be a legal cause of loss, injury or damage even though it operates in combination with the act of another, some natural cause or some other cause if the negligence contributes substantially to producing such loss, injury or damage.

    c.   Intervening cause:

Negligence may also be a legal cause of loss, injury or damage even though it operates in combination with the act of another, some natural cause or some other cause occurring after the negligence occurs if such other cause was itself reasonably foreseeable and the negligence contributes substantially to producing such loss, injury or damage or the resulting loss, injury or damage was a reasonably foreseeable consequence of the negligence and the negligence contributes substantially to producing it.

**Damages**

If you find for Plaintiff on one of more of her claims, you must consider the issue of her damages.

If the damages would not have existed except for the hostile work environment or negligence claims, then you should determine what amount, if any, has been proven by Jane Doe by a preponderance of the evidence as full, just and reasonable compensation for all of Jane Doe's damages as a result of the hostile work environment, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Tootsie's. Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that Jane Doe has proved them by a preponderance of the evidence: emotional pain and mental anguish, humiliation and injury to reputation, loss of enjoyment of life, and inconvenience.

To determine whether and how much Jane Doe should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury – tangible and intangible. Jane Doe does not have to introduce evidence of a monetary value for intangible things like mental

10

anguish. You must determine what amount will fairly compensate her for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

### Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Jane Doe's damages should not be interpreted in any way as an indication that I believe that the Jane Doe should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

### Note-Taking

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity. You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

### Election of Foreperson Explanation of Verdict Forms

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

Verdict forms have been prepared for your convenience and let's review together.

### Verdict Forms

Take the verdict forms with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-23497-BLOOM/Torres

JANE DOE,

    Plaintiff,

v.

MIAMI GARDENS SQUARE ONE, INC.,
*individually and d/b/a* TOOTSIE'S
CABARET MIAMI,

    Defendant.
_____/

## VERDICT FORM

**Employee or Independent Contractor**

SPECIAL INTERROGATORIES TO THE JURY

**Do you find from a preponderance of the evidence:**

1. That Jane Doe was an employee of Tootsie's?

    Answer Yes or No     _____

If your answer is "No," please go to page 4. If your answer is "Yes," go to the next verdict form.

SO SAY WE ALL.

    _____
    Foreperson's Signature

DATE: _____

1

**Title VII – Civil Rights Act – Gender Discrimination – Hostile Work Environment**

SPECIAL INTERROGATORIES TO THE JURY

**Do you find from a preponderance of the evidence:**

1. That club patrons harassed Jane Doe because of her sex?

    Answer Yes or No   _____

If your answer is "No," please go to page 4. If your answer is "Yes," go to the next question.

2. That the harassment created a hostile work environment for Jane Doe?

    Answer Yes or No   _____

If your answer is "No," please go to page 4. If your answer is "Yes," go to the next question.

3. That Jane Doe's supervisor knew, or in the exercise of reasonable care should have known, about the hostile work environment?

    Answer Yes or No   _____

If your answer is "No," please go to page 4. If your answer is "Yes," go to the next question.

4. That Tootsie's exercised reasonable care to prevent and correct promptly any allegedly harassing behavior.

    Answer Yes or No   _____

If your answer is "Yes," please go to page 4. If your answer is "No," go to the next question.

   5. That Jane Doe failed to take advantage of any preventative or corrective opportunities provided by Defendant.

      Answer Yes or No   _____

   If your answer is "Yes," please go to page 4. If your answer is "No," go to the next question.

   6. That Jane Doe suffered damages because of the hostile work environment?

      Answer Yes or No   _____

   Please go to the next verdict form.

   SO SAY WE ALL.

              _____
              Foreperson's Signature

DATE: _____

**Negligence**

## SPECIAL INTERROGATORIES TO THE JURY

**Do you find from a preponderance of the evidence:**

1. Was there negligence on the part of Tootsie's which was a legal cause of injury to Jane Doe?

    Answer Yes or No  _____

If your answer is "No," please go to page 5. If your answer is "Yes," go to the next question.

_____

Please go to the next verdict form.

SO SAY WE ALL.

_____
Foreperson's Signature

DATE: _____

**Damages**

### SPECIAL INTERROGATORIES TO THE JURY

1. That Jane Doe should be awarded damages to compensate for emotional pain and mental anguish?

    Answer Yes or No  _____

    If your answer is "Yes,"
    in what amount?          $_____

2. That Jane Doe should be awarded damages to compensate for humiliation and injury to reputation?

    Answer Yes or No  _____

    If your answer is "Yes,"
    in what amount?          $_____

3. That Jane Doe should be awarded damages to compensate for loss of enjoyment of life?

    Answer Yes or No  _____

    If your answer is "Yes,"
    in what amount?          $_____

4. That Jane Doe should be awarded damages to compensate for inconvenience?

    Answer Yes or No  _____

    If your answer is "Yes,"
    in what amount?          $_____

    Total of Damages: $_____

SO SAY WE ALL.

_____
Foreperson's Signature

DATE: _____